THOMAS v STEUERNOL

Docket Nos. 111956, 113122, 113655. Submitted February 13, 1990, at Lansing. Decided June 20, 1990. Leave to appeal applied for.

Lurah M. Neymeiyer died in 1965. Pursuant to power granted in her will, the court-appointed executor of her estate, William Crane, assigned to Rex Wilcox several oil and gas leases owned by the estate. The probate court then granted Crane full power and authority to administer and dispose of the assets of the estate. Crane conveyed more oil and gas lease interests to Wilcox by quitclaim deed, which was recorded in April, 1968. At least three other assignments of oil and gas lease rights were made to Wilcox and recorded in May of 1968. The probate court then allowed a final accounting of the estate and assigned the residue of the estate to Crane. The oil and gas interests were subsequently conveyed by Wilcox to various other individuals and entities. Gary M. Thomas, grandson of Lurah M. Neymeiyer and personal representative and trustee of her estate, filed suit against Wynne J. Steuernol and others in Saginaw County Probate Court in 1987, seeking to reopen Lurah Neymeiyer's estate, rescind the previous executor's deeds and assignments, and validate plaintiff's claimed ownership interests in the oil and gas leases. The action was transferred to the Ogemaw Circuit Court, which, in August, 1988, granted, in three separate orders, summary disposition in favor of defendants on the ground that plaintiff's action was barred by the statute of limitations, Carl L. Horn, J. Plaintiff filed two separate appeals from those orders and the First of America Bank-Bay City, N.A. filed an appeal. The appeals have been consolidated.

The Court of Appeals *held:*

1. The trial court correctly determined that the five-year period of limitation applicable to actions for recovery or possession of land applied to the transfers of the oil and gas interests

REFERENCES

Am Jur 2d, Deeds §§ 229, 338, 339; Equity §§ 238, 239; Limitation of Actions §§ 84, 147.
See the Index to Annotations under Deeds; Equity; Gas and Oil; Limitation of Actions; Quitclaim Deeds.

and that the period of limitation had long since expired. The court also correctly interpreted the quitclaim deed from Crane to Wilcox as conveying all oil and gas lease interests, not just royalties and overriding royalties.

2. Plaintiff's claim for a jury trial, made in his first amended complaint, was properly denied. That complaint alleged only equitable causes of action, for which there is no right to a jury trial.

3. The court did not err in substituting First of America Bank as defendant in the place of Ransom H. Sappington, who died after the lawsuit was begun. First of America, as personal representative for the estate of Sappington, is the proper party to substitute in order to recover past income from the oil and gas leases, which income would be a part of Sappington's estate.

Affirmed.

1. LIMITATION OF ACTIONS — OIL AND GAS LEASE INTERESTS — REAL PROPERTY INTERESTS.

The statutes of limitation applicable to sales of realty apply to conveyances of oil and gas lease interests; such interests are considered real property interests and are part of the land.

2. LIMITATION OF ACTIONS — TOLLING OF LIMITATIONS PERIOD — FRAUDULENT CONCEALMENT.

The doctrine of fraudulent concealment may be used to toll the running of a limitations period, but only if the fraud is manifested by an affirmative act or misrepresentation.

3. DEEDS — QUITCLAIM DEEDS.

A quitclaim deed is generally construed as conveying all the grantor's interest in the described property unless some interest is expressly excepted or reserved.

4. DEEDS — JUDICIAL CONSTRUCTION.

Deeds should be strictly construed against the grantor so as to give the grantee the greatest estate that the deed's terms will permit; any reservation or exception by the grantor must be narrowly construed.

5. EQUITY — JURY TRIALS.

There is no right to a jury trial where the relief sought is solely equitable in nature.

*Shanahan & Scheid* (by *Clark Shanahan*), and *Learman, Peters, Sarow & McQuillan* (by *Robert D. Sarow*), for plaintiff.

*Mika, Meyers, Beckett & Jones* (by *John T. Sperla* and *Linda L. Blais*), for defendants Steuernol and Sappington.

*Lynch, Gallagher, Lynch, Shirley & Martineau* (by *John J. Lynch*), for Bank of Alma.

*Smith & Brooker, P.C.* (by *Albert C. Hicks*), for First of America Bank-Bay City, N.A.

Before: Michael J. Kelly, P.J., and Wahls and Sawyer, JJ.

Per Curiam. Plaintiff Gary M. Thomas, as personal representative of the Estate of Lurah M. Neymeiyer, appeals from three circuit court orders dismissing his claims against the defendants in this case. We affirm the circuit court's dismissals.

Plaintiff seeks to regain several oil and gas lease interests presently held by the various defendants in this case. These lease rights were previously held by a Michigan corporation, Oil Well Service, Inc. In January of 1945, Oil Well Service assigned its interests in these oil and gas leases to John Neymeiyer and Rex Wilcox, who were president and vice-president of the corporation. Oil Well Service's corporate charter became defunct in 1947 and was never revived. When John Neymeiyer died in 1956, his interest in these leases went to his wife, Lurah M. Neymeiyer.

Lurah M. Neymeiyer died in 1965, and William Crane was appointed executor of her estate by the Saginaw County Probate Court. In 1966, according to the power granted under Lurah Neymeiyer's will, Crane assigned several of the oil and gas lease interests owned by the estate to Rex Wilcox. By order of the probate court, Crane was given full power and authority to administer and dispose of

the assets of the estate. During his term as executor of the estate, Crane, by quitclaim deed recorded in April of 1968, conveyed certain oil and gas lease interests to Rex Wilcox. Crane made at least three other assignments of oil and gas lease rights to Wilcox which were recorded in May of 1968. In May of 1968, the probate court allowed a final accounting of Lurah Neymeiyer's estate and assigned the residue of the estate to William Crane.

After the final accounting of Lurah Neymeiyer's estate in May of 1968, the oil and gas lease interests were acquired by the various defendants in this action.

Plaintiff Gary Thomas is Lurah Neymeiyer's grandson. In July of 1987, plaintiff commenced the present action in Saginaw County Probate Court, seeking to reopen Lurah Neymeiyer's estate, rescind the previous executor's deeds and assignments, and validate plaintiff's claimed ownership interests in the oil and gas leases. The probate court transferred plaintiff's claims to Ogemaw Circuit Court. Plaintiff filed a jury demand, which the circuit court struck on defendants' motion. Plaintiff then filed a second amended complaint, alleging causes of action to quiet title, for accounting and restitution, for rescission, and for conversion.

In August of 1988, defendants Steuernol, Sappington, and Total Petroleum moved for summary disposition of plaintiff's claims under MCR 2.116(C) (7), (8), and (10), arguing mainly that plaintiff's claims were barred by the statute of limitations. Following a hearing, the circuit court granted summary disposition to these defendants under MCR 2.116(C)(7), on the ground that all of plaintiff's claims were barred by the statute of limitations. The circuit court made the following findings:

In summary, the Court finds that the deed from William E. Crane, executor of the estate of Lurah M. Neymeiyer, deceased, to Rex A. Wilcox, dated April 3, 1968, and recorded April 8, 1968, started the running of the Statute of Limitations. Plaintiff's complaint was not filed until 1987, or 19 years later. Consequently, Plaintiff's claim is barred.

1. Defendants cite several statutes in support of their motion, and the Court finds that MCLA 600.5801(1) and (4), and MCLA 700.658, are all applicable.

2. The Court finds that the "Crane deed" conveyed the interest that is the subject matter of Plaintiff's claims. The Court rejects Plaintiff's argument that the "Crane Deed" did not convey "working interests". The Court finds that the "Crane deed" conveyed all interests in the land.

3. The Court finds that the marketable record title act was not intended to preclude the assertion of a defense that a claim is barred by the Statute of Limitations.

Later, in two separate orders, the court granted the remaining defendants summary disposition for the same reasons.

I

Plaintiff argues that the circuit court erred by finding his claims barred by the statute of limitations. We find no error.

Oil and gas lease interests are considered real property interests and are part of the land. *Eadus v Hunter,* 268 Mich 233, 238; 256 NW 323 (1934). The proper limitations period would be the one applicable to sales of realty. MCL 600.5801(1); MSA 27A.5801(1) provides:

No person may bring or maintain any action for the recovery or possession of any lands or make

any entry upon any lands unless, after the claim
or right to make the entry first accrued to himself
or to someone through whom he claims, he com-
mences the action or makes the entry within the
periods of time prescribed by this section.

*When the defendant claims title to the land in
question by or through some deed made upon the
sale of the premises by an executor,* administrator,
guardian, or testamentary trustee; or by a sheriff
or other proper ministerial officer under the order,
judgment, process, or decree of a court or legal
tribunal of competent jurisdiction within this
state, or by a sheriff upon a mortgage foreclosure
sale *the period of limitation is 5 years.* [Emphasis
added.]

The lease rights claimed by plaintiff were dis-
posed of by William Crane in his role as executor
of Lurah Neymeiyer's estate. Crane was expressly
authorized to dispose of these interests by Neymei-
yer's will and by the probate court's order. Crane
assigned these interests in 1966 and 1968. Plaintiff
did not file his original lawsuit until 1987, far
beyond the five-year statutory period.

Plaintiff claims that the statutory period did not
commence running until 1986, due to fraud and
fraudulent concealment by William Crane, Rex
Wilcox, and the other defendants. We disagree.

The doctrine of fraudulent concealment may be
used to toll the running of the limitations period.
*Carr v Wittingen,* 182 Mich App 275, 281; 451
NW2d 584 (1990). However, the fraud must be
manifested by an affirmative act or misrepresenta-
tion. *Lumber Village, Inc v Siegler,* 135 Mich App
685, 694-695; 355 NW2d 654 (1984). No fraudulent
concealment is indicated. Plaintiff's claim of fraud
is based upon three assertions: (1) that Rex Wilcox
forged John Neymeiyer's name on a 1945 docu-
ment; (2) that Crane was not authorized to convey
property sold in an April 3, 1968, deed (the Crane

deed); and (3) that certain conveyances made by Rex Wilcox were not recorded with the county Register of Deeds until 1986. None of these facts, if true, establish fraudulent concealment. Whether Rex Wilcox forged John Neymeiyer's name is not relevant to whether plaintiff had notice of Crane's assignment of the lease interests. Crane was authorized to sell the property of Lurah Neymeiyer's estate by the express terms of her will and by the later probate order. Finally, although certain conveyances made by Rex Wilcox were not recorded until 1986, these same properties had been assigned by Crane and recorded in 1968; their assignment by Crane was a matter of public record and was in no way concealed from plaintiff.

Plaintiff also attacks the validity of the Crane deed, which conveyed certain lease rights to Rex Wilcox in April of 1968. Plaintiff contends that this deed did not convey the interest held by Lurah Neymeiyer and did not cover all the lease rights to which plaintiff asserts ownership. We find that the circuit court properly interpreted this deed.

The Crane deed was a quitclaim deed and contained the following pertinent language conveying

[a]ll the right, title and interest in the estate of said Lurah M. Neymeiyer, deceased, in and to all oil and gas lease interests royalties and overriding royalties in and to premises described as . . . .

Plaintiff argues that the terms of this quitclaim deed conveyed only royalties and overriding royalties, rather than the working interests, which were previously held by Oil Well Services, Inc., and Lurah Neymeiyer's estate. We disagree.

A quitclaim deed is generally construed as conveying all the grantor's interest in the described

property unless some interest is expressly excepted or reserved. *State Hwy Comm'r v Simmons,* 353 Mich 432, 437; 91 NW2d 819 (1958). Deeds should be strictly construed against the grantor so as to give the grantee the greatest estate that the deed's terms will permit; any reservation or exception by the grantor must be narrowly construed. *Stevens Mineral Co v Michigan,* 164 Mich App 692, 697-698; 418 NW2d 130 (1987), lv den 430 Mich 896 (1988). In view of this, we reject plaintiff's claim that the Crane deed should be interpreted to convey only royalty and overriding royalty interests and instead interpret it to convey all oil and gas lease interests, including but not limited to royalties and overriding royalties.

With regard to plaintiff's claim that the Crane deed did not convey all oil and gas interests involved, we note that all the oil and gas lease interests in dispute were conveyed by either the Crane deed or by other conveyances made by William Crane as executor of Lurah Neimeyer's estate. These conveyances were made by 1968 at the latest and were recorded with the register of deeds that same year. Plaintiff's claims to the contrary are meritless.

II

Plaintiff argues that the circuit court erred in dismissing his claim for a jury trial. We disagree. Plaintiff's first amended complaint, in which he made a demand for a jury trial, alleged only equitable causes of action. Although plaintiff later amended his complaint to add claims for money damages, this amendment occurred after the court had already struck plaintiff's jury demand. Plaintiff did not renew his jury demand after filing his second amended complaint. There is no right to a

jury trial where the relief sought is solely equitable in nature. *McDonald Ford Sales, Inc v Ford Motor Co,* 165 Mich App 321, 324; 418 NW2d 716 (1987). Since only equitable claims were stated in plaintiff's first amended complaint, the court properly struck plaintiff's jury demand for the claims.

### III

Defendant First of America Bank argues that the circuit court erred by granting plaintiff's motion to substitute it as a party. We find no error.

First of America is the personal representative for the estate of Ransom H. Sappington, who was named as a defendant by plaintiff but is now deceased. Upon Mr. Sappington's death in December of 1987, plaintiff moved to substitute defendant First of America in his place. The court granted this motion.

MCR 2.202(A)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.

First of America argues that, because Mr. Sappington's mineral lease interests vested with his wife upon his death and his wife was already named a defendant to plaintiff's suit, it was erroneous to substitute Sappington's estate as a party defendant. We disagree. Plaintiff's second amended complaint alleged claims against Sappington for recovery of past income from the oil and gas leases in addition to claims for the recovery of the lease interests themselves. This income, received over a period of years, would be part of Mr. Sappington's estate. Therefore, First of America was the proper party to substitute in order to recover this money.

Affirmed.