TURNER v MERCY HOSPITALS & HEALTH SERVICES OF
DETROIT

Docket No. 161733. Submitted November 1, 1994, at Detroit. Decided
April 28, 1995, at 9:40 A.M. Leave to appeal sought.

Mervery Turner, as personal representative of the estate of
Althea Irving, brought a wrongful death action in the Wayne
Circuit Court against Mercy Hospitals & Health Services of
Detroit and others, alleging medical malpractice as the under-
lying theory of liability for the decedent's death. The court,
Sharon Tevis Finch, J., granted summary disposition for the
defendants, ruling that the action was barred under MCL
600.5852; MSA 27A.5852, which allows the personal representa-
tive of a decedent to bring an action on behalf of the decedent's
estate within two years after letters of authority are issued, but
no later than three years after the period of limitation for the
cause of action has expired, if the decedent died before the
period of limitation applicable to the decedent's cause of action
expired or within thirty days after the expiration. The court
rejected the plaintiff's contention that the period of limitation
provided by § 5852 was tolled while the plaintiff's letters of
authority were suspended for failure to file an accounting of
the estate. The plaintiff appealed.

The Court of Appeals *held:*

1. As a general rule, a period of limitation is tolled only by a
substantive restriction on a plaintiff's ability to bring an action
in a timely manner, not by mere procedural or technical
irregularities whose correction is within the control of the
plaintiff. In this case, the suspension of the plaintiff's letters of
authority is not a proper basis for tolling the period of limita-
tion inasmuch as the plaintiff caused the suspension by failing
to file an accounting.

2. The plaintiff's action is not timely under MCL
600.5838a(2); MSA 27A.5838(1)(2), which allows the filing of a
medical malpractice action within six months after the plaintiff
discovered or should have discovered the existence of the claim,

REFERENCES

Am Jur 2d, Limitation of Actions §§ 138-141, 146-199.
See ALR Index under Limitation of Actions.

because the plaintiff failed to establish that she did not discover or, through the exercise of reasonable diligence, could not have discovered the existence of the claim sooner than six months before she filed the action.

Affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — TOLLING.

A period of limitation is tolled only by a substantive restriction on a plaintiff's ability to bring an action in a timely manner, not by mere procedural or technical irregularities whose correction is within the control of the plaintiff.

*Gittleman, Paskel, Tashman & Blumberg, P.C.* (by *Clifford Paskel*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan H. Zitterman* and *Thomas R. Shimmel*), for the defendants.

Before: TAYLOR, P.J., and HOLBROOK, JR., and M. E. DODGE,* JJ.

HOLBROOK, JR., J. In this wrongful death action, plaintiff appeals as of right from an order granting defendants summary disposition based on the statute of limitations. We affirm.

I

On June 28, 1989, plaintiff's sister, decedent Althea Irving, who was three months pregnant, was treated for vaginal bleeding at the emergency room of Samaritan Health Center. The treating physicians diagnosed Irving as having an "inevitable abortion" and a suction curettage procedure was performed. Irving was admitted to the hospital but was discharged that evening at approximately 9:00 P.M. According to plaintiff, Irving's last recorded temperature before discharge was

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

102.1 degrees. On July 3, 1989, Irving was sitting on her porch at home when she vomited, keeled over, and stopped breathing. She was taken to Samaritan Health Center's emergency room, where she was pronounced dead on arrival, with acute cardiopulmonary arrest as the cause of death.

On June 4, 1992, plaintiff, acting as personal representative of Irving's estate, filed this wrongful death action. Plaintiff's complaint alleged that Irving's death was proximately caused by defendants' failure to monitor her medical condition properly, resulting in her being discharged from the hospital despite signs of uterine infection, such as an elevated temperature. Plaintiff stated in the complaint that she had been appointed personal representative of the estate on February 13, 1990, but that her authority was terminated on May 13, 1991, and she was not reappointed until May 7, 1992. Plaintiff alleged that the matter was timely filed within the two-year period provided in MCL 600.5852; MSA 27A.5852, as interpreted in *Wright v Estate of Treichel,* 36 Mich App 33; 193 NW2d 394 (1971). Plaintiff further alleged that, before February 24, 1992, she had no reasonable cause to believe that Irving's death was the result of defendants' malpractice.

In their answer to the complaint, defendants raised the expiration of the statutory limitation period as an affirmative defense, specifically citing MCL 600.5805; MSA 27A.5805 and MCL 600.5838; MSA 27A.5838. On December 18, 1992, defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (C)(10), contending that plaintiff was required to file the action within two years after February 13, 1990, when her letters of authority were first issued authorizing her to act as personal representative of Irving's estate, and that

because she filed this action after February 13, 1992, the lawsuit was time-barred.

Plaintiff responded that the period of limitation had been tolled while her letters of authority were suspended for failing to file an estate accounting. She further alleged that her first attorney had failed to inform her of a viable medical malpractice claim and that she did not discover the existence of the claim until told by her current attorney on April 13, 1992. Plaintiff submitted no documentary evidence to support this allegation.

Following a hearing, the trial court granted summary disposition to defendants, finding that plaintiff's claim was barred by the statute of limitations. MCR 2.116(C)(7).

II

A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may (but is not required to) file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). If such documentation is submitted, the court must consider it. MCR 2.116(G)(5). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. This Court reviews a summary disposition determination de novo as a question of law. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994).

III

The gravamen of this case is whether the period

of limitation in MCL 600.5852; MSA 27A.5852 is tolled while the letters of authority of the personal representative of the decedent's estate are suspended because of the personal representative's apparent negligence. We hold that the limitation period is not tolled.

A

In actions brought under the wrongful death statute, MCL 600.2922; MSA 27A.2922, the limitation period is governed by the provision applicable to the liability theory of the underlying wrongful act. *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420, 436; 329 NW2d 729 (1982). Where, as here, the underlying theory of liability is medical malpractice, the action must be commenced within two years of the time of the act or omission that is the basis of the claim of malpractice, or within six months after the plaintiff discovers or reasonably should have discovered the existence of the claim, whichever is later. MCL 600.5805(4); MSA 27A.5805(4), MCL 600.5838a(2); MSA 27A.5838(1)(2). Because this is a wrongful death action, the following savings clause applies:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [MCL 600.5852; MSA 27A.5852.]

Statutes of limitation are grounded in important

public policies such as providing plaintiffs with a reasonable opportunity to bring lawsuits, providing defendants with a fair opportunity to defend against them, preventing the court system from being overburdened with stale claims, and protecting potential defendants from prolonged fear of litigation. *Chase v Sabin,* 445 Mich 190, 199; 516 NW2d 60 (1994). A tolling provision, as an exception to a statute of limitations, is to be strictly construed. *Mair v Consumers Power Co,* 419 Mich 74, 80; 348 NW2d 256 (1984).

The tolling of a limitation period implies the existence of an obstacle that is beyond the control of the plaintiff, such as a legal disability or affirmative act on the part of another person that prevents the timely bringing of a claim. See, e.g., *Wilson v Knight-Ridder Newspapers, Inc,* 190 Mich App 277; 475 NW2d 388 (1991) (imprisonment at the time a claim accrues tolls the period of limitation); *Levinson v Sklar,* 181 Mich App 693; 449 NW2d 682 (1989) (mental derangement at the time a claim accrues tolls the period of limitation); *Thomas v Steuernol,* 185 Mich App 148; 460 NW2d 577 (1990) (an affirmative act of fraud or misrepresentation regarding a claim of fraudulent concealment tolls the period of limitation); *Seebacher v Fitzgerald, Hodgman, Cawthorne & King, PC,* 181 Mich App 642; 449 NW2d 673 (1989) (same as *Thomas*). Thus, as a general rule, a limitation period is tolled only by a substantive restriction on the plaintiff's ability to bring an action in a timely manner, not by mere procedural or technical irregularities whose correction is within the control of the plaintiff. See *Fisher v Volkswagenwerk Aktiengesellschaft,* 115 Mich App 781; 321 NW2d 814 (1982). To hold otherwise would exalt form over substance and create an environment ripe for abuse or manipulation of the system in contraven-

tion of the policies that underlie statutes of limitation.

Relying on *Wright v Estate of Treichel, supra,* plaintiff asserts that the period of limitation, set forth in MCL 600.5852; MSA 27A.5852, was tolled while her letters of authority were suspended. In *Wright,* the plaintiffs, who were injured in an accident involving two automobiles, filed a lawsuit against the estate of the driver of the other automobile and served the complaint and summons on the attorney for the estate. The estate's administrator had died 3½ months after the administrator's letters of authority were issued, and a successor administrator had not been appointed. The defendant's motion for an accelerated judgment on the basis that service of process on the estate attorney was improper was denied by the trial court. On appeal, this Court held that the period of limitation was tolled while the estate was without an administrator and that the plaintiffs were entitled to petition the probate court for appointment of a successor administrator who could then be served with process. *Id.* at 37, 39.

We find plaintiff's reliance on *Wright* to be misplaced inasmuch as it is distinguishable from the present case.[1] In *Wright,* the lack of an administrator prevented the court from obtaining jurisdiction over the estate; therefore, the period of limitation was held to be tolled during this period. While, the plaintiffs in *Wright* had attempted to bring suit against the defendant estate, plaintiff here is the estate's personal representative, who is attempting to bring suit against defendants over

---

[1] Contrary to defendants' claim, the Legislature's amendment in 1988 of MCL 600.5852; MSA 27A.5852 to change the title of an estate's representative from "executor or administrator" to "personal representative" was merely a change in phraseology to conform with the Revised Probate Code, not a substantive change implicitly overruling *Wright,* which was decided before the 1988 amendment.

whom personal jurisdiction is not an issue. Thus, while the plaintiffs in *Wright* were prevented from commencing the lawsuit by an event beyond their control—i.e., the death of the estate administrator—no such obstacle prevented plaintiff here from commencing ·a timely lawsuit against defendants. Indeed, it is undisputed that plaintiff's original letters of authority were suspended when she, or her attorney acting on her behalf, failed to file a required estate accounting. Plaintiff's apparent negligence does not constitute a tolling act or event.

B

Plaintiff alternatively asserts that the medical malpractice claim against defendants did not accrue until. she discovered the existence of the claim on April 13, 1992,[2] when her second attorney was advised by a retained medical expert that a possible claim existed. She asserts that because the complaint was filed within six months of this discovery, the claim is not time-barred. See MCL 600.5838a(2); MSA 27A.5838(1)(2). Plaintiff's allegations regarding this issue are vague, inconsistent, and unsupported by any citation of legal authority. Moreover, this issue was not raised at the hearing regarding defendants' motion for summary disposition and therefore was not addressed by the trial court. Notwithstanding plaintiff's failure to preserve this issue. properly for appellate review, *Amrhein v Philip Petachenko, DC, PC,* 174 Mich App 242, 246; 435 NW2d 10 (1988), we afford it cursory review because. the issue was raised in plaintiff's complaint and in her brief in answer to

[2] In her complaint, plaintiff alleged that she did not discover the existence of the claim until February 24, 1992; yet, in her brief in answer to defendants' motion for summary disposition, she alleged that the discovery date was April 13, 1992.

defendants' motion for summary disposition and because of the nature of our review of summary disposition motions brought under MCR 2.116(C)(7).

Under the six-month discovery rule, the plaintiff has the burden of establishing that she did not discover or could not have discovered through the exercise of reasonable diligence the existence of a possible medical malpractice claim more than six months before she filed her complaint. MCL 600.5838a(3); MSA 27A.5838(1)(3); *Chase, supra* at 198; *Amrhein, supra.* This Court has held that the discovery rule does not act to hold a matter in abeyance indefinitely while a plaintiff seeks professional assistance to determine the existence of a claim. *Grimm v Ford Motor Co,* 157 Mich App 633, 639; 403 NW2d 482 (1986). A plaintiff must act diligently to discover a possible cause of action and "cannot simply sit back and wait for others" to inform her of its existence. *Id.*

Here, the undisputed facts indicate that plaintiff discovered, or reasonably should have discovered, the existence of a possible medical malpractice claim against defendants more than six months before the filing of her complaint. Plaintiff's failure to pursue in a diligent manner a determination whether a claim existed is evidenced by her allowing her letters of authority to be suspended and then not seeking reissuance for nearly one year. Under these circumstances, plaintiff's claim is time-barred because she failed to investigate the existence of the claim in a diligent and timely manner. *Id.; Griffith v Brant,* 177 Mich App 583, 587-588; 442 NW2d 652 (1989). Accordingly, as a matter of law, defendants were entitled to summary disposition on this alternative basis. MCR 2.116(C)(7).

Affirmed.