# STATE OF MICHIGAN

# COURT OF APPEALS

CARLA MCDONALD,

      Plaintiff-Appellee,

UNPUBLISHED
January 3, 2019

v

PATRICIA ANN YELDON and FIRST
STUDENT, INC.,

      Defendants-Appellants.

No. 339309
Wayne Circuit Court
LC No. 16-000940-NI

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendants, Patricia Ann Yeldon and First Student, Inc., appeal by leave granted[1] the trial court's order denying their motion for summary disposition under MCR 2.116(C)(7) (prior disposition of claim) and (C)(10) (no genuine issue of material fact, movant entitled to summary disposition as a matter of law) in this third-party action arising from an automobile accident. We conclude that plaintiff, Carla McDonald, is judicially estopped from pursuing her accident claims because she failed to disclose the claims in a prior bankruptcy proceeding. Accordingly, we reverse the trial court's order denying defendants' motion for summary disposition.

This action arises from an automobile accident that occurred on October 2, 2013. Plaintiff alleges that she was injured when her automobile was struck by an automobile driven by Yeldon and owned by First Student, Inc. Before the accident, plaintiff had filed a petition for bankruptcy protection under Chapter 13. The bankruptcy proceeding was pending at the time of the accident. In January 2014, plaintiff converted her bankruptcy filing to Chapter 7 and amended her bankruptcy schedules under oath. Plaintiff did not list any claim related to her automobile accident in her amended bankruptcy schedules. At her deposition, plaintiff admitted that by February 14, 2014, she had hired an attorney to file an action against defendants related to her October 2013 automobile accident. On April 15, 2014, the bankruptcy court discharged plaintiff's debts, and the bankruptcy case was closed on May 14, 2014. Plaintiff never disclosed her accident claims as a potential asset in the bankruptcy case.

---

[1] *McDonald v Yeldon,* unpublished order of the Court of Appeals, entered December 8, 2017 (Docket 339309).

-1-

After plaintiff filed this action against defendants in January 2016, defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that plaintiff's claims were barred by judicial estoppel because she failed to disclose the claims in her prior bankruptcy case. The trial court denied defendants' motion. Thereafter, this Court granted defendants' application for leave to appeal.

This Court reviews de novo a trial court's decision whether to grant summary disposition. *Spiek v Dep't of Transp,* 456 Mich 331, 337; 572 NW2d 201 (1998). Summary disposition may be granted under MCR 2.116(C)(7) when an action is barred due to the disposition of the claim before commencement of the action. See *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). A motion under MCR 2.116(C)(7) is governed by the following standards:

> A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may (but is not required to) file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). If such documentation is submitted, the court must consider it. MCR 2.116(G)(5). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. [*Turner v Mercy Hosps & Health Servs of Detroit,* 210 Mich App 345, 348; 533 NW2d 365 (1995).]

A motion under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties, and view that evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden v Rozwood,* 461 Mich 109, 118-120; 597 NW2d 817 (1999). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). "Judicial estoppel is an equitable doctrine." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012). "When reviewing equitable actions, this Court reviews the trial court's decision de novo." *Id.*

The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities," among other documents. 11 USC 521(a)(1)(B)(i). A cause of action is an asset that must be scheduled under § 521. See *Eubanks v CBSK Fin Group, Inc*, 385 F3d 894, 897 (CA 6, 2004).[2] Moreover, the duty to disclose is a continuing one and extends to all potential causes of action. *Browning Mfg v Mims*, 179 F3d 197, 208 (CA 5, 1999); *In re McMellon*, 448 BR 887, 891-892 (SD W Va, 2011).

---

[2] Although state courts are not bound by the decisions of federal circuit courts of appeal on questions of federal law, the Court may find them to be persuasive. See *Abela v General Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

In *Spohn,* 296 Mich App at 479-481, this Court discussed the application of judicial estoppel in the context of a bankruptcy proceeding, stating:

> Judicial estoppel is an equitable doctrine, which "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."
>
> > This doctrine is "utilized in order to preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.' " *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002); see also *Eubanks* [*v. CBSK Fin Group, Inc*, 385 F3d 894, 897 (CA 6, 2004)] ("Judicial estoppel, however, should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.' ").
>
> Under the "prior success model" of judicial estoppel, "a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." In accordance with this model of judicial estoppel, "the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true. Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent." The prior success model, however, "does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits."
>
> More specifically, in the context of bankruptcy proceedings, the federal courts have indicated that
>
> > to support a finding of judicial estoppel, [a reviewing court] must find that: (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence. In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, [the reviewing] court considers whether: (1) [the plaintiff] lacked knowledge of the factual basis of the undisclosed claims; (2) [the plaintiff] had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, [the reviewing court] will look, in particular, at [the plaintiff's] "attempts" to advise the bankruptcy court of [the plaintiff's] omitted claim. [Footnotes omitted.]

We conclude that *Spohn* governs this case and demonstrates that the trial court erred by denying defendants' motion for summary disposition.

The first requirement, that plaintiff assumed a position in this case that was contrary to what she assumed under oath in the bankruptcy court, is satisfied. "[P]ursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis v Weyerhaeuser Co*, 141 Fed Appx 420, 425 (CA 6, 2005). Plaintiff filed this action for recovery of economic and noneconomic damages arising from her automobile accident, but she never disclosed her potential accident claims to the bankruptcy court or trustee, even though the accident occurred in October 2013, while the bankruptcy case was still pending. In fact, plaintiff amended her bankruptcy petition in January 2014, to convert it to a Chapter 7 proceeding, at which time she filed amended bankruptcy schedules listing all of her assets, but again, she never disclosed her potential claims against defendants in the amended schedules, and she did not otherwise notify the bankruptcy court of her potential claims before her debts were discharged in April 2014, or before the bankruptcy case was closed in May 2014. Plaintiff conceded that she had retained counsel and planned to file suit against defendants in February 2014, before her bankruptcy case was closed. Even though a lawsuit had not actually been filed, the duty to disclose assets under bankruptcy law includes all potential or possible causes of action. *In re McMellon*, 448 BR at 891-892. Accordingly, there was no genuine issue of material fact that plaintiff assumed a contrary position in this proceeding from her position in the bankruptcy case.

The second requirement is whether the bankruptcy court adopted or followed plaintiff's contrary position. Plaintiff does not dispute that the bankruptcy court discharged her debts without consideration of her potential claims against defendants arising from the motor vehicle accident. Accordingly, there also was no genuine issue of material fact regarding this requirement.

Plaintiff argues, however, that her failure to disclose her potential claims related to the motor vehicle accident was due to inadvertence or mistake. We disagree. First, the record does not show that plaintiff lacked a factual basis for the undisclosed claims. The accident occurred in October 2013. By February 2014, while the bankruptcy case was still pending, plaintiff had retained counsel and knew that she intended to pursue a claim related to the accident. Further, based on the bankruptcy petition that plaintiff submitted, which included a workers' compensation claim, plaintiff knew or should have known that any lawsuits she intended to file should have been disclosed to the bankruptcy court.

Plaintiff argues that she relied on her bankruptcy attorney to make the necessary disclosures. However, plaintiff did not present any evidence that she discussed her impending lawsuit with her bankruptcy attorney, or that he advised her that it was not necessary to disclose the lawsuit in her bankruptcy petition or schedules. At her deposition, plaintiff stated that she relied on her attorney to file the proper forms, but she never testified that she advised him of her accident claims or her intent to file this lawsuit.

Plaintiff had knowledge of the factual basis for her claims against defendants while her bankruptcy petition was still pending, and she has not shown that she advised her bankruptcy attorney of her possible claims, despite having retained an attorney with the intention of filing a

lawsuit while the bankruptcy case was still pending. Therefore, plaintiff should not be permitted to shift the blame for not disclosing the claims to her bankruptcy lawyer. Furthermore, even if plaintiff's counsel knew about the possible claim, plaintiff still is responsible for the errors and actions of her attorney. See *Lewis*, 141 Fed Appx at 427-428 (CA 6, 2005) (noting that although judicial estoppel may not always apply to positions taken on the advice of an attorney, the plaintiff's failure to list an employer on her bankruptcy schedules despite a clear requirement that she do so under penalty of perjury, the heightened importance of full asset disclosure to the bankruptcy court, and the questionable timing of events in the case supported the application of judicial estoppel).

Second, there is evidence of a motive for concealment. If plaintiff had disclosed her accident claims, any damages she recovered could have been subject to her creditors' claims, or she might have been prevented from discharging her debts. Thus, there was a clear motive to conceal this lawsuit. See *Hermann v Hartford Cas Ins Co*, 675 Fed Appx 856, 862 (CA 10, 2017), quoting *Eastman v Union Pacific RR Co*, 493 F3d 1151, 1159 (CA 10, 2007) ("The ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy."); see also *DeLeon v Comcar Indus, Inc*, 321 F3d 1289, 1291 (CA 11, 2003) (recognizing that a financial motive to secret assets exists under Chapter 13, as well as under Chapter 7, and the type of bankruptcy filing does not affect the application of judicial estoppel); *Bone v Taco Bell of America, LLC*, 956 F Supp 2d 872, 883 (WD Tenn, 2013) (a person petitioning for protection under Chapter 7 presumably has a motive to conceal civil claims in order to keep the proceeds to himself because if the proceeds were part of the bankruptcy estate, they would go towards paying the debtor's creditors).

The trial court distinguished this case from *Spohn* because this case involved a Chapter 7 bankruptcy, whereas in *Spohn*, 296 Mich App at 485, this Court noted that a presumption regarding a motive to conceal exists in Chapter 13 proceedings, when one's debts can be minimized for failing to disclose other assets. However, this is a distinction without a difference. Even though plaintiff converted her case from one under Chapter 13, where she would still be liable for some of her debts, to one under Chapter 7, where all of her debts would be discharged, plaintiff still had a motive to shield this lawsuit from the bankruptcy court to gain a financial advantage by having all of her debts discharged without risking objections from creditors if this lawsuit were disclosed, or by having some or all of her recovery in this lawsuit going to creditors.

Third, the evidence does not establish an absence of bad faith on plaintiff's part. There is simply no evidence that plaintiff attempted to advise the bankruptcy court or trustee of her possible cause of action against defendants at any point while her bankruptcy petition was pending, and no evidence that she informed her bankruptcy attorney of her possible claims. Moreover, the evidence clearly showed that plaintiff had retained an attorney and intended to file this action against defendants while the bankruptcy case was still pending.

Plaintiff argues that this action should not be dismissed based on judicial estoppel because she can reopen her bankruptcy case and disclose this lawsuit as an asset. However, the purpose of judicial estoppel is to enforce the need for litigants in any court proceeding to be truthful and to protect the integrity of judicial proceedings. *Spohn*, 296 Mich App at 479-480.

That purpose would not be furthered by allowing plaintiff to proceed with the instant action, despite her lack of disclosure in the bankruptcy court. See also *Hermann* 675 Fed Appx at 863 (rejecting application of lesser remedies, including allowing the plaintiff to reopen and amend his bankruptcy filing, because that would not encourage debtors to disclose potential assets, but rather would diminish the incentive to provide truthful disclosure to the bankruptcy court unless the debtor is caught concealing assets).

For the foregoing reasons, plaintiff should be judicially estopped from now pursuing this action against defendant. The trial court erred by denying defendants' motion for summary disposition.

Reversed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering