FILED
United States Court of Appeals
Tenth Circuit

January 27, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ANDREA MITCHELL,

    Plaintiff - Appellant,

v.

LOUIS DEJOY, Postmaster General of the
United States Postal Service,

    Defendant - Appellee.

No. 24-3039
(D.C. No. 5:23-CV-04053-KHV-ADM)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Andrea Mitchell sued the Postmaster General of the United States Postal

Service (USPS), alleging disability discrimination and retaliation in violation of the

Rehabilitation Act, *see* 29 U.S.C. § 794.  USPS moved to dismiss under Federal Rule

of Civil Procedure 12(b)(6), arguing Ms. Mitchell's action should be barred under the

doctrine of judicial estoppel because she did not disclose her discrimination and

retaliation claims in her bankruptcy petition.  The district court granted the motion

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and entered judgment against Ms. Mitchell. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

According to Ms. Mitchell's Amended Complaint, she began work for USPS in December 2016 as a forklift operator. In September 2021, she requested an accommodation for a disability. Ms. Mitchell alleged that USPS refused her request, did not engage in an interactive process, treated her differently than other employees in same or similar positions, and retaliated against her for her protected activity by placing her on unpaid leave and terminating her employment. She further alleged that USPS failed to train supervisors concerning their Rehabilitation Act duties.

Ms. Mitchell filed a claim with the Equal Employment Opportunity Commission in June 2022 alleging disability discrimination, harassment, and retaliation. In November 2022, she filed a Chapter 13 bankruptcy petition, in which she stated under penalty of perjury that she had no claims against third parties, regardless of whether she had filed suit or demanded payment.[1] She amended her bankruptcy pleadings in December 2022 to state that she had a "pending" "wage class action lawsuit" of "unknown" value against an unspecified party. Joint App., Vol. I at 226 (capitalization omitted).

---

[1] The district court took judicial notice of the record in Ms. Mitchell's bankruptcy case. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

The bankruptcy court confirmed Ms. Mitchell's Chapter 13 plan on June 6, 2023. The confirmation order required her to "timely report to the Trustee any events affecting disposable income . . . including but not limited to . . . lawsuits . . . during the pendency of the case." *Id.* at 233. On June 20, Ms. Mitchell moved the bankruptcy court to appoint counsel "with respect to a civil proceeding." *Id.* at 236. Her motion, which the court granted, did not indicate the nature of the civil suit, the claims to be asserted, or the parties. *See id.* at 236-37.

Ms. Mitchell sued USPS on June 29, 2023, alleging disability discrimination and retaliation claims under the Rehabilitation Act. USPS moved to dismiss her Amended Complaint under the doctrine of judicial estoppel, arguing the claims she asserted were inconsistent with her bankruptcy proceedings. Concluding that the relevant factors supported application of judicial estoppel, the district court granted the motion, dismissed Ms. Mitchell's Amended Complaint, and entered final judgment.[2]

## II.   Discussion

"We review a district court's dismissal of a complaint under Rule 12(b)(6) de novo. In doing so, we accept as true all well-pleaded factual allegations and view these allegations in the light most favorable to the plaintiff." *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1057-58 (10th Cir. 2019) (citation, ellipsis, and internal

---

[2] The district court also granted USPS's motion to dismiss Ms. Mitchell's punitive damages claim under Rule 12(b)(1) as barred by sovereign immunity. She does not challenge that ruling on appeal.

quotation marks omitted). In addition to the allegations in a complaint, we may consider "matters of which a court may take judicial notice." *Banker v. Gold Res. Corp. (In re Gold Res. Corp. Sec. Litig.)*, 776 F.3d 1103, 1108 (10th Cir. 2015) (internal quotation marks omitted).

We review for an abuse of discretion the district court's decision to judicially estop Ms. Mitchell from pursuing her disability discrimination and retaliation claims against USPS. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007). "A court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Id.* (internal quotation marks omitted). "[A]ny error of law is presumptively an abuse of discretion and questions of law are reviewed de novo." *See S. Utah Wilderness All. v. Bureau of Land Mgmt.*, 425 F.3d 735, 750 (10th Cir. 2005).

"The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment and to prevent improper use of judicial machinery." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) (ellipsis, brackets, and internal quotation marks omitted). Courts typically consider three non-exclusive factors in determining whether to apply judicial estoppel:

> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was

4

> misled. Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Eastman*, 493 F.3d at 1156 (citations, brackets, and internal quotation marks omitted). "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Id.* at 1158 (alteration and internal quotation marks omitted).

Ms. Mitchell argues the district court failed to apply the doctrine of judicial estoppel narrowly and cautiously, as demonstrated by the lack of factual and legal support for the court's ruling. She bases this contention on an asserted absence of citations to the record or caselaw in the court's analysis. We are not persuaded. The district court described the nature of her disability discrimination and retaliation claims under the Rehabilitation Act and cited her relevant filings in the bankruptcy court. She does not identify other facts in the record bearing upon the court's analysis that it did not consider. The district court also discussed the governing law related to judicial estoppel before applying it to the circumstances in Ms. Mitchell's case.

As she appears to acknowledge, Ms. Mitchell's appeal largely turns on whether the district court abused its discretion in concluding that she took clearly inconsistent positions in the bankruptcy and district courts. The district court held she "cannot credibly claim that disclosing a 'wage class action lawsuit' served as disclosure of her disability discrimination and retaliation claims" under the

5

Rehabilitation Act and that "her statement did not place the bankruptcy court and trustee on notice of the claims at issue" in the district court. Joint App., Vol. II at 298. The court noted that, "[a]side from seeking wages as a form of damages, [Ms. Mitchell] has not demonstrated that her two causes of action were similar." *Id.*

Among other cases, the district court cited our unpublished decision in *Hermann v. Hartford Casualty Insurance Co.*, 675 F. App'x 856 (10th Cir. 2017). The plaintiff in *Hermann* had been injured in an auto accident, after which he sought both coverage for his injuries from his own auto insurance carrier and workers' compensation benefits from Hartford. *Id.* at 857. In his bankruptcy petition, the plaintiff disclosed a "Potential Personal Injury Award" as his only contingent and unliquidated claim. *Id.* (internal quotation marks omitted). When the plaintiff sued Hartford alleging unreasonable denial and delay in providing coverage under the workers' compensation policy, Hartford argued he should be judicially estopped because he had not disclosed this claim in his bankruptcy case. *Id.* at 858. We held the district court did not abuse its discretion in applying judicial estoppel, *id.* at 863, concluding that the plaintiff's "disclosure of 'Potential Personal Injury Award'" did not "put the Trustee on inquiry notice regarding his claim against Hartford." *Id.* at 862.

Ms. Mitchell argues the facts in her case are unlike those in *Hermann* and more similar to those in *Bejarano v. Bravo! Facility Servs., Inc.*, 251 F. Supp. 3d 27 (D.D.C 2017), in which the court held the disclosure of a "Pending Employment Discrimination Claim" in a bankruptcy encompassed the plaintiff's claims under the

Family Medical Leave Act "because an FMLA claim is a form of employment discrimination," *id.* at 33 (internal quotation marks omitted).  Ms. Mitchell contends the district court failed to view her allegations in the light most favorable to her and that her bankruptcy disclosure of a "wage class action lawsuit" was not clearly inconsistent with her claims in this action because she sought damages in the form of "wages" from USPS.

Again, we are not persuaded.  The district court drew inferences from the historical facts.  But it was only required to draw *reasonable* inferences in Ms. Mitchell's favor.  *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023); *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).  *Bejarano* is distinguishable because Ms. Mitchell did not pursue *a form of* a "wage class action lawsuit" by bringing individual disability discrimination and retaliation claims under the Rehabilitation Act.  Although she characterizes her district court action as a "claim for wages," courts commonly distinguish between "wage claims"—i.e., claims for unpaid wages—and "discrimination claims."  *See, e.g.*, *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 729-730, 737, 742 (1981) (equating a "wage claim" with a claim under the Fair Labor Standards Act and a "discrimination claim" with a Title VII claim); *Brent Elec. Co. v. Int'l Bhd. of Elec. Workers Loc. Union No. 584*, 110 F.4th 1196, 1220-21 (10th Cir. 2024) (referencing "state-law wage claims" distinctly from "discrimination claims under Title VII"); *Zokari v. Gates*, 561 F.3d 1076, 1083-85 (10th Cir. 2009) (describing factual bases for wage claims distinctly from that of discrimination and retaliation claims).  Moreover, while Ms. Mitchell

7

insists that her district court claim against her employer for damages in the form of wages is adequately analogous to a "wage class action lawsuit," the different claims disclosed and ultimately asserted in *Hermann* were related in a similar way: they both stemmed from losses due to an auto accident and sought monetary recovery from insurance carriers. We nonetheless held that the plaintiff's disclosure of a potential personal injury award would not alert a bankruptcy trustee to inquire about a bad-faith insurance claim. 675 F. App'x at 860-61.

Two decisions we discussed in *Hermann* are also pertinent to Ms. Mitchell's case. The court in *Bonner v. Sicherman (In re Bonner)*, 330 B.R. 880, 2005 WL 2136204 (B.A.P. 6th Cir. Sept. 6, 2005), held, similar to *Bejarano*, that listing an "Auto Accident Claim" in bankruptcy pleadings was sufficient to disclose claims for both personal injury and property damage. 2005 WL 2136204, at *4-5. We distinguished *Bonner* in *Hermann* because "a bad-faith insurance claim is not similarly related to a 'Potential Personal Injury Award.'" 675 F. App'x at 861. The court in *Tilley v. Anixter Inc.*, 332 B.R. 501 (D. Conn. 2005), held that the plaintiff's disclosure in bankruptcy pleadings of "a claim 'for back child support'" did not encompass "a claim for intentional infliction of emotional distress arising out of fraud in connection with the reporting of [the plaintiff's ex-husband's] income." *Id.* at 510-11. This was so even though both of these claims sought recovery from the plaintiff's ex-husband related to his failure to pay child support. *See id.* We held that the circumstances in *Tilley* were most similar to those in *Hermann*, and we agreed with *Tilley*'s reasoning in concluding that the plaintiff in *Hermann* failed to

8

disclose his bad-faith insurance claim in his bankruptcy proceeding. 675 F. App'x at 862. Contrary to Ms. Mitchell's assertion, the circumstances of her case are more similar to *Hermann* and *Tilley* than they are to *Bejarano* or *Bonner*.

Ms. Mitchell also points to her motion in her bankruptcy proceedings to appoint counsel in an unspecified civil proceeding. But she fails to explain how, absent any change in her disclosure of solely a "wage class action lawsuit," this motion would alert the bankruptcy trustee to inquire about disability discrimination and retaliation claims under the Rehabilitation Act.

Finally, Ms. Mitchell argues the district court abused its discretion by concluding sua sponte that she "had a motive to conceal the claims so any judgment in this case would be outside the reach of her creditors." Joint App., Vol. II at 300. The district court was considering whether to exercise its discretion to decline to apply equitable estoppel due to inadvertence or mistake, *see Eastman*, 493 F.3d at 1157 (noting courts excuse "the legal duty of full disclosure to the bankruptcy court . . . only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment" (internal quotation marks omitted)). Ms. Mitchell complains that the district court decided this issue without briefing from the parties. But although she could have addressed this factor, the court found that she did "not argue that she lacked knowledge of her undisclosed claims or lacked a motive to conceal the claims." Joint App., Vol. II at 300.

Ms. Mitchell fails to show that the district court abused its discretion in applying judicial estoppel to bar her from pursuing her action against USPS alleging

9

individual claims of disability discrimination and retaliation under the Rehabilitation

Act that she failed to disclose in her bankruptcy proceedings.

### III.    Conclusion

We affirm the district court's judgment.

Entered for the Court


Gregory A. Phillips
Circuit Judge